# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

WILLIAM SUAREZ,

          Petitioner,

v.

STEVEN JOHNSON,

          Respondent.

Civ. No. 17-2767 (KM)

OPINION

### KEVIN MCNULTY, U.S.D.J.

## I.  INTRODUCTION

The petitioner, William Suarez, is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Suarez now moves for a protective stay of the case to allow him to exhaust some of his claims in state court. For the following reasons, this motion will be granted.

## II.  BACKGROUND AND PLEADINGS

In 2006, Mr. Suarez was convicted in New Jersey Superior Court, Law Division, Union County, of four criminal counts: first-degree murder, under N.J. Stat. Ann. § 2C:11-3(a)(1) or (2); second-degree possession of a handgun for an unlawful purpose, under N.J. Stat. Ann. § 2C:39-4(a)(1); and two counts of third-degree possession of a handgun for an unlawful purpose, under N.J. Stat. Ann. § 2C:39-5(b). That court sentenced Mr. Suarez to a total of 70 years' imprisonment, with no parole eligibility for 53 years. Mr. Suarez appealed the conviction and the sentence to the Superior Court, Appellate Division, which affirmed both. Mr. Suarez sought certification from the Supreme Court of New Jersey, which was denied.

In August 2010, Mr. Suarez filed a verified petition for post-conviction relief ("PCR"), asserting that he received ineffective assistance of counsel at trial. The Superior Court apparently assigned counsel for the PCR proceeding, but Mr. Suarez also filed his own pro se supplementary brief advancing various arguments regarding his representation at trial. The Superior Court denied the PCR petition, and Mr. Suarez appealed this decision. The Appellate Division affirmed the denial, and the Supreme Court again declined to grant certification.

Mr. Suarez filed a second PCR petition on February 14, 2017, asserting that he received ineffective assistance of counsel during his initial PCR proceeding. While Mr. Suarez identifies two grounds for relief, he in fact seems to raise three distinct theories of what his PCR counsel should have argued: (1) that trial counsel was ineffective by failing to sufficiently investigate and challenge an allegedly false affidavit used to acquire a search warrant ("the Warrant Argument"); (2) that trial counsel was ineffective by failing to sufficiently argue that an initial, warrantless entry and a resulting protective sweep were improper and by failing to obtain testimony from Mr. Suarez's landlord in connection with that entry ("the Entry Argument"); and (3) that the New Jersey Supreme Court's holding in *State v. Davila*, 203 N.J. 97 (2010), should have been applied retroactively as to the propriety of the protective sweep ("the *Davila* Argument").[1] On March 15, 2017, the Superior Court denied this petition as untimely under R. 3:22-12(a)(2)(C). Mr. Suarez appealed this decision to the Appellate Division, and this appeal remains pending.

Meanwhile, Mr. Suarez filed this habeas petition, dated April 10, 2017 (received by the Court April 21, 2017). Mr. Suarez lists five grounds upon which he challenges his conviction: (1) that the trial court erred by denying a motion to suppress evidence based on an allegedly

---

[1] No party has provided the Court with a copy of the pleadings in the second PCR proceeding. Instead, the papers in support of the stay motion appear to quote from the second PCR petition, and it is this language that the Court relies upon in this opinion. The Court has additionally considered the factual allegations in grounds four and five of the underlying habeas petition, which, according to Mr. Suarez, involve the same claims as those in the second PCR petition.

2

improper entrance into Mr. Suarez's residence by a police officer; (2) that Mr. Suarez was deprived a fair trial by a police officer's reference in trial testimony to "a person I can't mention"; (3) that trial counsel was ineffective by failing to call as a witness Mr. Suarez's landlord to testify regarding the propriety of the police entry into Mr. Suarez's residence; (4) that PCR counsel was ineffective by failing to argue that trial counsel was ineffective on the basis that he failed to challenge a police officer's affidavit used to obtain a search warrant for Mr. Saurez's residence; and (5) that PCR counsel was ineffective by failing to argue that Mr. Suarez's appellate counsel should have raised that trial counsel failed to sufficiently argue for suppression based on an improper entry into Mr. Suarez's residence and that PCR counsel should have raised arguments as to the New Jersey Supreme Court's holding in *Davila*. Grounds four and five seem to be identical to the arguments raised in the second PCR petition, comprising the Warrant Argument, the Entry Argument, and the *Davila* Argument. Respondent filed a timely response to the petition on July 28, 2017.

Mr. Suarez now moves for a protective stay of this action to permit him to exhaust in state court the arguments raised in grounds four and five of his petition. He concedes that these arguments are presently unexhausted as he raised them in his second PCR petition, which is still pending before the Appellate Division. Mr. Suarez asserts that if he were forced to complete his second PCR proceeding without a protective stay, his already-exhausted claims would become time barred before he could again raise his claims before this Court. Respondent filed no timely opposition to this motion.

## III. LEGAL STANDARDS AND APPLICATION

The petition in this proceeding is currently a "mixed petition," under *Rose v. Lundy*, 455 U.S. 509 (1982), as it contains both exhausted and unexhausted claims. *Id.* at 510, 522. When presented with a mixed petition, a court may, in certain circumstances, grant a protective stay to permit the petitioner to exhaust the unexhausted claims while suspending the limitations period on the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275–78 (2005). Before granting such a stay, the Court must examine whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay. *See Rhines*, 544 U.S. at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

The Court must first explore the exact nature of the claims Mr. Suarez raised in his second PCR proceeding. In his motion papers, Mr. Suarez explains those claims as follows:

> Point One:
> Initial PCR counsel proved to be ineffective by failing to investigate and raise upon petitioner's request, that trial counsel was prejudicially ineffective for failing to adequately investigate, raise and challenge the veracity of the affidavit for the search warrant, arguing that the finding of probable cause supporting the issuance of the search warrant depended on intentional false and fraudulent statements of material facts and willfully false statements made in reckless disregard for the truth by Detective Stephen Owsiany, violating petitioner's constitutional rights, thus, the search warrant must be voided and evidence obtained excluded[.]
>
> Point Two:
> Initial PCR counsel proved to be ineffective by failing to adequately investigate petitioner's case file and raising that raising that [sic] appellate counsel failed to raise that trial counsel failed to adequately investigate and argue the motion to suppress, because the police's initial entry and search of petitioner's residence was unlawful, and that the trial court unreasonably denied the motion to suppress and that initial PCR counse[l] failed to investigate relevant case law and raise that a new rule of constitutional law

4

> applied to petitioner's case retroactively, because the trial court
> that decided on petitioner's motion to suppress did so without the
> benefit of the New Jersey Supreme Court's opinion in State versus
> Davila, where the record as developed does not address directly or
> sufficiently satisfy the standard in Davila, that govern [sic]
> protective sweeps that are conducted not incident to an arrest[.]

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petitioner may not use "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" as a basis for substantive relief. 28 U.S.C. § 2254(i); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[A] petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings."). Reading Mr. Suarez's claims pending in his second PCR proceeding at face value, they would be interpreted as claiming ineffective assistance of PCR counsel, and this Court would be unable to consider them. Nevertheless, a liberal reading of Mr. Suarez's pro se papers reveals that these claims may have another dimension.[2]

Mr. Suarez's motion paper explicitly refer to *Martinez v. Ryan*, 566 U.S. 1 (2012), in connection with an argument that his claims should not be considered procedurally barred. In *Martinez*, the Supreme Court held that a habeas petitioner may assert the ineffectiveness of PCR counsel, not as basis for relief *per se*, but rather as cause to excuse a procedural default resulting from a failure to raise ineffectiveness of trial counsel during an initial PCR proceeding. *Id.* at 17; *see also Lambert v. Warden Greene SCI*, 861 F.3d 459, 469 (3d Cir. 2017). Reading Mr. Suarez's papers in this light, it may be appropriate to construe the Warrant Argument and the Entry Argument, within grounds four and five of his petition, as part of a claim of ineffective assistance of *trial* counsel. That is, Mr. Suarez may be claiming that he failed to raise ineffective

---

[2] The Court notes that the Rules Governing the Courts of the State of New Jersey explicitly permit a subsequent PCR petition to assert the ineffectiveness of prior PCR counsel. R. 3:22-4(b)(2)(C). These rules of the state courts carry no weight in this Court, particularly when explicitly contradicted by federal law governing habeas proceedings.

5

assistance of trial counsel previously *because of* the allegedly ineffective assistance of his PCR counsel. That interpretation is buttressed by Mr. Suarez's focus on trial counsel's alleged failures: that trial counsel should have challenged the affidavit submitted in support of obtaining a search warrant for Mr. Suarez's residence and should have, essentially, devoted greater energy to demonstrating that the initial entry into Mr. Suarez's residence was improper. (ECF No. 1 at 24–27.)

Interpreting the Warrant Argument in this manner seems to place it directly within the narrow scope of *Martinez*. Mr. Suarez is alleging that his trial counsel was ineffective by failing to seek suppression of key evidence on the basis that the police used a false affidavit to obtain a search warrant for Mr. Suarez's residence. While Mr. Suarez would generally be barred from asserting this claim that was not raised in prior state proceedings, *see* R. 3:22-4, one may infer from the petition that he feels the ineffective assistance of PCR counsel caused this procedural default. (*See* ECF No. 1 at 24.)

As the Warrant Argument in ground four states a potential claim under *Martinez*, it is not facially meritless.[3] The ineffective assistance of PCR counsel should also be treated, at this stage, as asserting good cause under the *Rhines* standard for the failure to exhaust the Warrant argument. *See Hreniuk v. Balicki*, Civ. A. No. 11-52 (MLC), 2013 WL 1187107, at ¶ 11 (D.N.J. Mar. 21, 2013). Accordingly, Mr. Suarez's efforts to exhaust state remedies as to the Warrant Argument in ground four appear sufficient to justify the grant of a protective stay.

The Warrant argument, then, is sufficient to justify a stay. I note, however, that the arguments in ground five of the petition would not meet the protective-stay standard of *Rhines*.

---

[3] The parties should note that this analysis applies only to the stay motion presently before the Court. This opinion should not be construed as any broader assessment of the merits of Mr. Suarez's claims.

The *Davila* Argument within ground five can only be read as asserting that PCR counsel was ineffective for failing to raise *Davila* during the first PCR proceeding. This Court is clearly barred by the terms of the AEDPA from hearing such a claim. *See* 28 U.S.C. § 2254(i). While the Entry Argument portion of ground five might be read as a *Martinez* claim, it is not clear that any portion of this claim (read in this manner) remains unexhausted. In the first PCR proceeding, Mr. Suarez raised the argument regarding trial counsel's failure to obtain trial testimony from Mr. Suarez's landlord, and the state court explicitly considered it. (Response, Ex. 5, ECF No. 9-5, Supp. Br., at ECF pp. 92, 97–100.) Likewise, arguments regarding the propriety of the initial entry into Mr. Suarez's residence were raised both at trial and on direct appeal. (Response, Ex. 1, Br. & Appeal on Behalf of Def.-Appellant, at 24–28 (ECF pp. 31–35).) Arguments raised at trial, of course, cannot support a claim that counsel was ineffective for *not* raising them. And arguments raised and exhausted during the first PCR proceedings do not require the help of *Rhines* to excuse their nonexhaustion. The Entry Argument and the *Davila* Argument in ground five thus fail to meet either prong of the *Rhines* standard for granting a protective stay.

Nevertheless, a stay will be granted based on the Warrant Argument raised in ground four and concurrently in the second PCR petition, to permit its exhaustion.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Suarez's motion for a protective stay of this habeas proceeding will be granted. Mr. Suarez shall file any request to reopen this action within 30 days after the exhaustion of his claims currently pending in state court. An appropriate order accompanies this opinion.

DATED: November 7, 2017

KEVIN MCNULTY
United States District Judge