**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM SUAREZ,<br><br>Petitioner,<br><br>v.<br><br>STEVEN JOHNSON,<br><br>Respondent. | No. 17cv2767 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court upon *pro se* Petitioner William Suarez's Motion for relief under Federal Rule of Civil Procedure 60(b), D.E. 33 ("Rule 60(b) Motion," "Motion," or "Mot."), challenging his sentence and asserting ineffective assistance of trial counsel. No opposition was filed. For the reasons set forth below, the Court **DISMISSES** the Motion for lack of jurisdiction.

## I. BACKGROUND[1]

The following facts are taken from this Court's Opinion dated November 7, 2017, D.E. 15 ("Nov. 7, 2017 Op."), granting Petitioner's Motion for a Protective Stay, and this Court's Opinion dated September 5, 2024, D.E. 27 ("Sept. 5, 2024 Op."), adjudicating the merits of Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction, D.E. 1 ("Petition").

In 2006, Petitioner was convicted in New Jersey Superior Court, Law Division, Union County on the following counts: first-degree murder pursuant to N.J. Stat. Ann. § 2C:11-3(a)(1)

[1] For a comprehensive factual overview, the Court refers to its Opinion dated September 5, 2024. Sept. 5, 2024 Op. at 2–4.

or (2); second-degree possession of a handgun for unlawful purpose pursuant to N.J. Stat. Ann. § 2C:39-4(a)(1); and two counts of third-degree possession of a handgun for an unlawful purpose pursuant to N.J. Stat. Ann. § 2C:39-5(b). Nov. 7, 2017 Op. at 1; *State v. Suarez*, No. A-6038-05T4, 2008 WL 834323, at *1 (N.J. Super. Ct. App. Div. Mar. 31, 2008). The New Jersey Superior Court sentenced him to seventy years' imprisonment "of which he must serve 85% of sixty years plus an additional two years before being eligible for parole." Sept. 5, 2024 Op. at 5. The Appellate Division affirmed Petitioner's conviction and sentence, and the New Jersey Supreme Court denied certification. *Id.*

In August 2010, Petitioner filed a verified petition for post-conviction relief ("PCR"), asserting that he received ineffective assistance of counsel at trial. *Id.* at 2. Petitioner's appointed PCR counsel argued that trial counsel was ineffective because he did not properly investigate the case, failed to present a "favorable witness," failed to provide a meaningful defense, failed to file a motion for a directed verdict, and failed to raise mitigating factors at sentencing. Sept. 5, 2024 Op. at 6. PCR counsel also argued that appellate counsel was ineffective for failing to "argue the charge of criminal trespass." *Id.*

Petitioner submitted a *pro se* brief raising the following additional ineffective assistance of counsel arguments: trial counsel was ineffective for failing to adequately consult with him; failing to file a motion for a new trial; failing to call Guillen as a witness; failing to effectively cross-examine the State's witnesses; failing to consult with Petitioner regarding defenses and trial strategy; failing to hire an expert to opine about Petitioner's understanding of his *Miranda* rights; failing to file a *Batson* challenge to the exclusion of Hispanic jurors; failing to object to state witnesses appearing in prison garb; and failing to raise certain claims on appeal. *Id.* Petitioner also asserted that the trial court erred by failing to give the jury a limiting instruction about the use

of the co-defendants' guilty pleas and failing to properly instruct the jury on corroboration. *Id.* The Appellate Division affirmed the Superior Court's denial of the PCR petition and the New Jersey Supreme Court declined to grant certification. *Id.*

On November 7, 2017, the Court granted Petitioner's Motion for a Protective Stay. Nov. 7, 2017 Op. On February 14, 2017, Petitioner filed a second PCR petition asserting that he received ineffective assistance of counsel during his initial PCR proceeding. *Id.* On March 15, 2017, the Superior Court denied the second PCR petition as untimely, and Petitioner subsequently appealed. *Id.* The New Jersey Supreme Court denied certification on April 4, 2019. *Id.* at 8. On April 10, 2017, Petitioner filed this Petition asserting the following grounds for relief:

- **Ground One:** Argued the trial court erred by denying the motion to suppress the evidence recovered from Petitioner's apartment.
- **Ground Two:** Argued the trial court erred by denying the motion for a mistrial based on Olivero's reference in his trial testimony to "a person I can't mention."
- **Ground Three:** Raised an ineffective assistance of trial counsel claim based on the failure to call Guillen as a witness to testify about the police entry into Petitioner's apartment.
- **Ground Four:** Argued PCR counsel was ineffective by failing to argue that trial counsel was ineffective for failing to challenge Owsiany's search warrant affidavit ("Warrant Argument").
- **Ground Five:** Contained two arguments: (1) PCR counsel was ineffective by failing to argue that appellate counsel should have raised that trial counsel failed to sufficiently argue for suppression based on an improper entry into Petitioner's apartment ("Entry Argument"); and (2) PCR counsel should have raised arguments

> about the retroactive application of a recent New Jersey Supreme Court decision, *State v. Davila,* 203 N.J. 97 (2010), that limited the use of warrantless protective sweeps ("*Davila* Argument").

Sept. 5, 2024 Op. at 7–8.

On September 5, 2024, the Court denied Grounds One, Two and Three of the Petition, and denied Grounds Four and Five in part and dismissed as procedurally defaulted in part. Sept. 5, 2024 Op. On September 19, 2024, Petitioner appealed the Court's September 5, 2024 Opinion. D.E. 31 ("Notice of Appeal"). On March 28, 2025, the Third Circuit denied Petitioner a certificate of appealability and dismissed his appeal. D.E. 32 ("Certified Order of USCA"). On September 12, 2025, Petitioner filed the instant Motion pursuant to Federal Rule of Civil Procedure 60(b) challenging his sentence and asserting ineffective assistance of trial counsel. Mot.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)–(5)." *Jones v. Shannon*, No. 05-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005)). A "movant seeking relief

under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* (citing *Gonzalez*, 545 U.S. at 535). "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." *Jackson v. Danberg*, 656 F.3d 157, 165–66 (3d Cir. 2011) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). However, a Rule 60(b) motion may not be used as a "second bite at the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). It "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Jones*, No. 05-2255, 2013 WL 6021956, at *7 (internal citations omitted).

When a Rule 60(b) motion "attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). More specifically, a Rule 60(b) motion is construed as second or successive habeas petitions where, for example: (1) the movant seeks to present newly discovered evidence in support of a claim denied in the habeas petition; (2) a subsequent change in substantive law justified relief from the previous denial of the habeas claim; or (3) when the movant seeks to relitigate a claim that the habeas court denied on the merits. *Gonzalez*, 545 U.S. at 531–32.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to obtain certification from the court of appeals authorizing the district court to address a second or successive habeas petition. 28 U.S.C. § 2244(b)(3). Without such certification, a court lacks

jurisdiction to address a second or successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

## III. DISCUSSION

To the extent the Court can discern Petitioner's Motion, Petitioner asserts that his sentence should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(6) because "[t]he sentence imposed upon [him] is truly '[e]xtraordinary' and unparalleled[.]" Mot. at 4. He argues that his trial counsel was ineffective because he: (1) should have "challenged the affidavit submitted in support of obtaining a search warrant for [Petitioner's] residence;" (2) should have "devoted greater energy to demonstrating that the initial entry into [his] residence was improper;" and (3) "failed to seek suppression of key evidence on the basis that the police used a false affidavit to obtain a search warrant for [his] residence." *Id.* at 5–6.

In analyzing Petitioner's Rule 60(b) Motion, the Court first must determine whether the motion is essentially a second or successive habeas petition. *See Gonzalez*, 545 U.S. at 531. Here, Petitioner's Rule 60(b) Motion is a second or successive habeas petition because he challenges his sentence by asserting the same grounds as those in his original habeas petition, which the Court previously adjudicated and denied. *See generally* Sept. 5, 2024 Op.; Mot. Specifically, Petitioner's argument that his trial counsel was ineffective because he should have (1) "challenged the affidavit submitted in support of obtaining a search warrant for [Petitioner's] residence" is substantially the same as the Warrant Argument raised in Ground Four of his Petition, which this Court denied. *See* Sept. 5, 2024 Op. at 20–21 (denying Petitioner's claim that trial counsel was ineffective for failing to raise the Warrant Argument).

Next, Petitioner's argument that his trial counsel should have "devoted greater energy to demonstrating that the initial entry into [his] residence was improper" is the same as Ground Five

of his Petition, which this Court also denied in part and dismissed in part as procedurally defaulted. *See id.* at 21–22 (denying Petitioner's claim that trial counsel was ineffective for failing to raise the Entry Argument).

Finally, Petitioner's contention that his trial counsel "failed to seek suppression of key evidence on the basis that the police used a false affidavit to obtain a search warrant for [his] residence" was decided in Ground Five of his Petition, which this Court denied. *Id.* Petitioner may not relitigate matters that have already been argued and disposed of under the guise of a Rule 60(b) motion. *See Bhatnagar*, 52 F.3d at 1231; *see also Jones*, 05-2255, 2013 WL 6021956, at *7. Therefore, Petitioner's Rule 60(b) Motion is a second or successive habeas petition. Without authorization from the Third Circuit Court of Appeals, this Court lacks jurisdiction over a second or successive habeas petition filed under the guise of a Rule 60(b) motion. *See* § 2244(b)(3); *Burton*, 549 U.S. at 157. The Court will dismiss the Motion. As a result, Petitioner's timeliness argument is moot.

## IV. CONCLUSION

For the reasons stated above,

**IT IS**, on this 5th day of August, 2026,

**ORDERED** that Petitioner's Rule 60(b) Motion, D.E. 33, is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall send a copy of this Memorandum Order to Plaintiff by regular mail; and it is finally

**ORDERED** that the Clerk shall **CLOSE** this matter.

Evelyn Padin, U.S.D.J.